Pro Se 2 COMPLAINT AND APPLICATION FOR ORDER OF INJUNCTION
**PLEASE TREAT THIS AS AN EMERGENCY**
ANNE BRADLEY V SUPERIOR COURT OF NEW HAVEN in the matter of
Bradley v Storquest Storage Association

**PLEASE TREAT THIS AS AN EMERGENCY APPLICATION    8/29/2022**

# UNITED STATES DISTRICT COURT
For the
**District of New Haven**

Connecticut Division

# TAKE PAPERS ONLY

| | |
|---|---|
| ANNE M. BRADLEY | ) Case No. |
| | ) 22 cv1101 (csH) |
| V. | ) |
| | ) |
| SUPERIOR COURT OF | ) AUG 31 2022 PM1:25 |
| NEW HAVEN | ) FILED-USDC-CT-New Haven |
| | ) |
| IN THE MATTER OF | ) |
| Anne M. Bradley, Pro Se | ) |
| V | ) |
| Storquest Storage Association | ) |

# COMPLAINT AND REQUEST FOR INJUNCTION
## APPLICATION FOR INJUNCTIVE ORDER
## August 29, 2022

## I.    The Parties To This Complaint
### A.    The Plaintiff(s)
Anne M. Bradley

Residence:   360 State Street #719
New Haven, CT   06510

Note, page numbers had to be manually written due to
Microsoft BLOCKING auto-entry of page numbers
**(please redact above on public record)**

Pro Se 2 COMPLAINT AND APPLICATION FOR ORDER OF INJUNCTION
**PLEASE TREAT THIS AS AN EMERGENCY**
ANNE BRADLEY V SUPERIOR COURT OF NEW HAVEN in the matter of
Bradley v Storquest Storage Association

Mailing:  PO Box 206514
New Haven, CT 06510
PHONE: 203-909-9131
Email address:
bradley.annemarie@gmail.com

## B.   The Defendant(s)
### a)SUPERIOR COURT OF
CONNECTICUT
NEW HAVEN COURTHOUSE
235 CHURCH STREET
NEW HAVEN, CT 06510

## II.   Basis For Jurisdiction
### a) FEDERAL QUESTION
i.   FEDERAL STATUTES
1.  27 U.S. Code Section 122a -
Injunctive Relief In Federal District Court
2.  Contract Law
a)  Laws Printed, in Appendix
b)  Source: Cornell University website
3.  Due Process  - 14TH Amendment
4.  Failure to Appear on Case
a)  As Stated on Cornell Univ website
5.  Judicial Misconduct
a)  As stated in Rules of Professional
Conduct

### b) IRREPERABLE HARM
(1) There is no adequate remedy at the NEW
HAVEN SUPERIOR COURT level due to repeated,
deliberate LACK OF DUE PROCESS, use of court
clerk to implement unlawful orders, and more
(2) Plaintiff will suffer irreparable harm without an
injunction; LOSS OF HER POSSESSIONS; CAUSED

BY STORQUEST STORAGE ASSOCIATION
BREACHING LEASE CONTRACT

      (3)  Plaintiff claims she should prevail on the merits of this Application

      (4) The balance of the equities tips in Plaintiff's favor.

## III.   RELIEF SOUGHT BY INJUNCTIVE ORDER

Superior Court of New Haven must order

      1.    Storquest to CEASE & DESIST (Pre-Trial motion submitted with served Complaint, along with Certified Mailing Prepared - Motion FOR COMPLIANCE has been entered on Superior Court's DenialS of all plaintiff's motions, entered at the same time, August 12, 2022, which plaintiff considers to be inept)

      a.    Fraudulent Billing

      b.    Remove Charge of Insurance

      c.    Insurance NOT REQUIRED

      a) Lease says:

      **To the extent occupant does not maintain such insurance, occupant shall be deemed to have 'self insured' totally**

      d.    DISABLED PLAINTIFF TO CONTINUE AS A STORAGE CUSTOMER IN ACCORDANCE WITH LEASE ON RECORD.

      AND

      2.    For this Federal District Court to Order New Haven Superior Court to order DEFAULT JUDGMENT AS MOTIONED BY PLAINTIFF, PRO SE,  IN FAVOR OF PLAINTIFF, ANNE M. BRADLEY, DUE TO LACK OF DILIGENCE BY STORQUEST - INCLUDING NON-APPEARANCE AND FAILURE TO ANSWER ON THE CASE. (Motion to Argue has been entered on Superior

Court's Denial of Motion For Default Judgment, which plaintiff considers to be inept)

AND

3. ORDER New Haven Superior Court to act on MOTION FOR DISCLOSURE; due to the very fact Storquest was not registered as a business in the State of Connecticut, has no agent of service, is NOT a member of the local Greater New Haven Chamber of Commerce, is not in the database of the Better Business Bureau, provides no physical address of its corporate office on its website, and refuses to provide plaintiff this public information which is NOT public.

## IV. STATEMENT OF CLAIM/HISTORY

1. Storquest Storage Facility (which has an undefined business structure) added an insurance charge to the plaintiff's account, which intercepted her phone-pay payment in June 2022, which is successfully used each month.

  a) The payment of autopay through her bank, issuing checks became a great burden AFTER Storquest took over New Haven Self Storage Facility in New Haven, CT in 2017. Plaintiff's purse and/or wallet was stolen on several occasions after Storquest took over. This caused changes to her account and need to re-request BILL PAY online when also her Dell laptop was being hacked and even destruction of her hardware, which created long periods of time before she could use it again. In fact, her Dell laptop was cyber attacked in 2019, and she was without a computer for six months or more. Since then, her notebook was also attacked and her bank blocks her from being able to use online banking due to high cyber security risks, which was reasonable.

2. Insurance is NOT required on the lease. PLAINTIFF IS DEFINED AS SELF-INSURED.

3.      Plaintiff emphasized the lease and emphasized the company was blocking her from processing her $142.51 monthly payment by adding a $15 insurance charge.  She requested they remove charge so she can pay her storage rent.

4.      Though employee, Jeremy Rivera, said he would remove the charge, he did not.  He actually reversed what he said with no explanation, only saying, "You're not going to like this" in a voicemail. Plaintiff directed the court to <u>saved recordings</u> - **all pinned to her Twitter account, @AnneBra64578737** - an account name nefariously devised by Twitter despite a more appropriate and easier to remember name was ACCEPTED prior to that.

a) Note, those audios were posted, yet they have been technocratically altered - for the most part, they were layered on each other, so sounds and some dialogue are out of place. This is a situation which reflects:  The absence of evidence is evidence of absence; due to altering videos to ELIMINATE WHAT HAS BEEN DOCUMENTED.

b) **There was no objection by Storquest**.  In fact, **Storquest failed to show any diligence**, clearly knowing this case existed since they received the court documents electronically, by Priority Mail, and the SMALL CLAIM WRIT AND COMPLAINT with the two pre-trial motions were ALSO hand-carried to Storquest's office, which is a matter of right, contrary to what the New Haven Superior Court Clerk told her was not legitmate.  Plaintiff argued that the Rules Of Court allow it.  Nevertheless, these documents were all sent Priority Mail and by email.  **ONLY FIRST CLASS MAIL is required for pleadings,** yet the issue of dishonesty by Storquest was evident, costing the plaintiff more money to assert her rights,

retaining proof of service as well as providing the court certification of service.

5.      Plaintiff warned both Storquest employee as well as Storquest customer service, that she would file a Small Claim if they do not comply with the lease, since she has paid rent timely for 9 years and 7 months.

   a) Small Claim was entered due to BREACH OF CONTRACT,  which is a legitimate reason, as shown in Appendix G on Laws

6.      Storquest District Manager in New York said the lease was insignificant and that she demanded plaintiff to pay insurance.  Plaintiff said, "No, remove the charge or I will have to file a lawsuit in court." **The corporate office address and other contact information, which should be public, was being withheld, and it is not provided in the Storquest.com website.**

7.      Throughout the last two weeks in June and the first week in July, the New Haven Courthouse used means of delay as well as misinforming the plaintiff regarding her rights.  Plaintiff had to cite laws and regulations demanding her rights and told them she was not putting up with their DEVIL'S CHESSBOARD TRICKS.  For instance they ordered her NOT to submit supporting documents and to take them to trial.  Certainly a trick, since they had no intent of ordering the defendant Storquest to file an appearance or Answer.

8.      Plaintiff discovered that the New Haven Superior Court was altering uploaded records. Though they reversed their activity to a good degree.

9.      **Default Order** was entered by the court  at APPENDIX A. This Judgment was never uploaded on the case.  The court BACKDATED this judgment to July 28, ONE DAY AFTER ANSWER DATE, which plaintiff considers to be another DEVIL'S CHESSBOARD TRICK, SINCE DEFENDANT HAS TWO DAYS FROM ANSWER DATE TO FILE PLEADING. This judgment cited the following:

   a) CPB 24-24.  WHEN (and only when) A CASE IS BASED ON EXPRESS PROMISE TO

Pro Se 2 COMPLAINT AND APPLICATION FOR ORDER OF INJUNCTION
**PLEASE TREAT THIS AS AN EMERGENCY**
ANNE BRADLEY V SUPERIOR COURT OF NEW HAVEN in the matter of
Bradley v Storquest Storage Association

PAY…..**Plaintiff claims this Practice Book Rule does not apply!**

i.   The court did not indicate at any time it was an error of the court.

ii.  If the case's merit had to reflect a PROMISE TO PAY, THE COURT WAS OBLIGATED TO DISMISS THE CASE ON LACK OF MERIT.  Of course, this case has merit.

iii. This DEFAULT ORDER was NEVER UPLOADED ON THE CASE,  Plaintiff has claimed in her Emergency Motion For Transfer of Venue that this court issued a deliberately defective Default Order,

iv.  In fact, the **Court Clerk is obligated to grant plaintiff's MOTION FOR DEFAULT, entered on August 29, 2022, two days after Answer Date.**
   1. **CPB 17-20(d)**

v.   Five or more days thereafter, another BACKDATED document was sent to the plaintiff, Appendix B.  "NOTICE OF INSURANCE CANCELLATION", dated July 18, 2022, which the plaintiff NEVER even suggested pursuing.  She continued to emphasize that she was self-insured and the office had to abide by the lease on record.

   1. On August 17, 2022, plaintiff called the alleged insurance company, Xercor Insurance Services, LLC, allegedly located in Indianapolis, IN, as provided at Appendix B.  **They told the plaintiff they did not have any insurance file on the plaintiff,** that <u>Storquest was the keeper of **their** insurance files</u>.  Plaintiff claimed to that alleged representative that at no point could Storquest retain such a document since they were a separate company and plaintiff claimed they were lying anyway because she never completed

Pro Se 2 COMPLAINT AND APPLICATION FOR ORDER OF INJUNCTION
**PLEASE TREAT THIS AS AN EMERGENCY**
ANNE BRADLEY V SUPERIOR COURT OF NEW HAVEN in the matter of
 Bradley v Storquest Storage Association

any insurance document, always maintaining insurance was not required and they were breaching the lease if they attempt to FORCE her to get insurance. Emails to and from Storquest, 2022, Appendix L.  She told them to drop this issue or she would have to file a lawsuit against them. They dropped this issue in 2018 and never was there any charge for insurance or any inference they would be charging her. The Storquest Lease had the same language and she signed it; yet Storquest removed that lease from record. Lease with New Haven Self Storage, at the same facility, was signed January 2013.  Storquest did not amend the lease with its company information.

a)  This proof was presented to the Superior Court of New Haven, showing prior statements from StorQuest.

b)   Yet in June 2022, they added the insurance charge which plaintiff presumed to be an error, yet later determined it was deliberate fraud due to the continuous lies and fraudulent behavior by a Jeremy Rivera, the Assistant Manager, along with customer service only relaying what they are told to relay by Storquest Management, including an "It's none of your business what our corporate address is" as an answer to a request for public information.  Yet a few representatives did mention the Corporate Office is at Santa Monica and Plaintiff discovered an address at that city under Storquest using opencorporates.com - which

thereafter technocratically blocked the plaintiff; and plaintiff claims that is at the least, fraud, abuse of power.

10.     During this time in which Storquest fully understood plaintiff has legally disputed their unlawful insurance charge, **the Superior Court of New Haven literally allowed this storage facility to proceed with an unlawful lien**, despite the fact the Plaintiff reported this to the court, also emphasizing this in her EMERGENCY MOTION FOR TRANSFER OF VENUE.

11.     Storquest claims that they will take her possessions, and just use a LIEN (that has no validation), Appendix E, on the possessions of the plaintiff belonging to them.   This unlawful behavior is very similar to what Public Storage did to the plaintiff, who issued a case against them for their fraudulent billing. Judge John Abrams presided - the same judge who illicitly evicted plaintiff in a housing case that had no merit (2009 NOTICE TO QUIT without merit; case continued to 2010)  The lease indicated the landlord was required to provide a 60-day notice. Additionally, disabled tenants who remained current on rent, are supposed to be relocated by the landlord or the city of New Haven, according to Housing regulations which were cited by the plaintiff. Thereafter, this Housing Judge was moved to Civil Court and the Judicial Review Counsel excused his deliberate dishonest actions there, on the Public Storage Case as: "Well, he only has had experience in Housing issues" - refusing to respond to the fact that this judge ILLEGALLY EVICTED THE PLAINTIFF, to include not even waiting the number of days to issue an order, which plaintiff claimed was motivated to intercept her emergency motion into the US Supreme Court, which strategically ruled thereafter that it was moot because **she was illegally evicted**, which made no sense at all to the plaintiff; and thereafter she motioned to be reinstated in her apartment, yet her motion was ignored by the court

which John Abrams presided. <u>Compliance is replaced by Alliance in these courts - an "Everybody's Doing It" agenda,</u> as is the argument of the applicant/plaintiff in this application.

12.     Regarding the Public Storage case, Judge Abrams' nefarious involvement with that included getting the marshal to refuse to serve the summons and complaint in 2012, Appendix J; Abrams - 4 and all others marked "Abrams", which was mailed to him by the plaintiff, to Public Storage and despite knowing this case was submitted on record, the judge allowed Public Storage to auction off her possessions, many of which had sentimental value, from her childhood, since she was forced to live in a studio apartment that was as small as the current SECTION 8 studio she lives in now - despite this management providing one-bedrooms with living rooms to other single-SECTION 8 tenants. (Yet one Section 8 tenant has married this year, which probably helped Housing Authority and this Landlord, owned by a weather altering service, to change demographics) Judge John Abrams was clearly aware that **Public Storage never paid the plaintiff $450 which they owed her from  the prior small claim settlement; additionally <u>their billing was nefarious, lying about not receiving her rent payment,</u> at which time she proved to the court that it was sent by providing them a copy, which seemed to instigate this "need" to throw out the case by getting the marshall not to serve what was appropriately mailed to him.** Thereafter, plaintiff needed to work on packing and moving to her current residence, January 2013, and was unable to further work on a case which had a judge who she had no confidence in due to his deliberate abuse of power and intent for being malicious and vexatious.

13.     Plaintiff went to the Storquest office on August 13, Saturday.  She explained to Frankie, the office employee, who has the title of Assistant Manager now, that a **certified letter was sent to her residence and she refused it.**  The evening concierge entered a refusal on record, which was intercepted by the lead concierge, who works days (wife to Jose, who was

promoted to the management office and thereafter his wife took his place after the lead concierge named Fabian left employment for unknown reasons. They frequently devise "kabitzing" circumstances of deceit, which the plaintiff has experienced.) Plaintiff looked up the tracking information and realized it came from Storquest. Appendix E. Jeremy Rivera knew that they could only send her mail to her Post Office Box well in advance of this. They also knew they could email her. She never told them to stop email after her notebook was cyber attacked. Yet Jeremy would not send her an attachment of the lien despite sending her the "Eviction Notice" in the same manner. **StorQuest breached the lease by telling her they were cancelling the lease when in fact, the plaintiff was not even delinquent.** Storquest failed to remedy this billing problem - resulting in the plaintiff having to file a small claim lawsuit against them. <u>STORQUEST SHOWED NO DILIGENCE ON THE SMALL CLAIM CASE AGAINST THEM.</u>

a) Frankie, the STORQUEST employee in the office at the time plaintiff went there in person, provided a printout of the lien document, not signed, on August 12, 2022. It is NOT dated, it is NOT requring a date due for payment, and it is not signed by anyone. Frankie would not sign it. <u>He also acknowledged that Jeremy ORDERED for the plaintiff to not be allowed in the office, which is also what Jeremy said to her when she demanded documentation to validate their fraudulent billing.</u> There is no authority, there is no validation. They just claim they can steal the plaintiff's possessions.

b) The overlock on the unit had been there since November 2021. The day prior to elections at the city office building, Plaintiff's keys were stolen, her apartment was burglarized, and she was drugged, unable to do anything for a day, which they had done to her twice before, even having severe contusions on her back from obvious assault. This most recent occurrence

resulted in a severe vaginal infection which lead to a bladder/kidney infection. She had to have an urgent visit with her doctor at which time the nurse practitioner ordered a strange antibiotic, which caused very discomforting side effects, yet did cure the severe infection, which caused her to have a temperature of 91 degrees.

i.   Plaintiff Anne Bradley asked him where a copy of the signed document is because she wanted to know what authority approved such action, particularly since Storquest failed to show any diligence on the case. Frankie said, "Jeremy just signs them and sends them out. We don't keep any signed copies that I know of." Frankie provided a printed, unsigned copy, which is included as Appendix E.

ii.  Jeremy Rivera sent something to the plaintiff CERTIFIED on August 12, at which time it was refused by Applicant/Plaintiff AND that was when plaintiff called the office, and Jeremy refused to give her any documentation, and said she was not allowed to go in their office. Plaintiff then went to the office since he did not use the mailing address which he was told to use and Jeremy refused to provide her a copy of what he sent. **Significant to this is no indication why they removed the insurance charge, which Jeremy Rivera has insisted to date by phone that she still had to pay.** There is nothing this form corrects. It was not even sent to the plaintiff. In fact, **Jeremy continues to instigate plaintiff, calling her on August 21, lying about her getting his CERTIFIED MAIL, when he knew it was refused.** FRAUDING AND ABUSE WOULD describe his behavior, which STORQUEST is rewarding him for.

## V.   FACTS/ARGUMENT

### a) STORQUEST BREACHED THE LEASE CONTRACT

#### i.   Plaintiff is self-insured and has the right to be self-insured

1. Storquest actually prepared a lease which had the same lease agreement, which plaintiff signed; yet Storquest fraudulently removed that contract from its file yet kept the original and altered it by adding paragraphs which were not signed for by the plaintiff.

   a) Original Lease contract went up to Paragraph 8, possibly as high as 10, as Plaintiff recalls.  No more.  <u>In fact, all added paragraphing cannot fit on the back of the lease.</u>  Plaintiff's apartment is frequently illegally entered and her documents are oftentimes stolen, as well as her apartment being vandalized. This Section 8 Landlord never changed her door lock, nor did Housing Court order them to even though it was brought up by the plaintiff when this landlord was attempting to illicitly evict her, which they failed to do since pressure was placed on the judge to do his job rather than assist this landlord, as he was doing.

#### ii.   Storquest broke the lease during the payment period allowed, on June 9, 2022 - REFUSING A CURE. THIS IS ALSO BREACH OF CONTRACT.

1. Plaintiff affirms that her rent was not past due legally, since a 10-day period is allowed to pay rent.

2. **Storquest BLOCKED her ability to pay by phone, by unlawfully imposing an insurance charge which she would not**

Pro Se 2 COMPLAINT AND APPLICATION FOR ORDER OF INJUNCTION
**PLEASE TREAT THIS AS AN EMERGENCY**
ANNE BRADLEY V SUPERIOR COURT OF NEW HAVEN in the matter of
Bradley v Storquest Storage Association

**allow, as a customer for almost 10 years at that facility,** never having to pay for insurance, <u>as according to the lease contract</u>.

**b) NEW HAVEN SUPERIOR COURT fails to administer laws or rules and even breaks them to fit their whims.**

**i.  IN CONSIDERING INTENTIONS, PLAINTIFF is sharing discoveries and experiences**

**ii.  JUDGE ABRAMS, CHIEF CIVIL JUDGE**

**1.  As already emphasized**

**a)  Judge Abrams illicitly evicted the plaintiff** from her home in 2010.  He also released a full year's of rent which she paid into court, emphasizing the case had no merit; AFTER HE UNLAWFULLY ORDERED THE MARSHAL TO SMASH IN HER DOOR AND USE A SECRET CODE TO TURN OFF HER ADT SYSTEM. Plaintiff ended up in an out of state hospital, left word with the court that she would be released in a few days and had every intent to sustain her rights.  In turn, they had the Psyche Manager of the psyche unit at that hospital dress as an orderly and deceive her that he was taking her to the medical unit as the ICU doctor relayed.  Instead, he kidnapped her and locked her in the unit.  And Judge Abrams released the money to Corey Spruill when she was unable to defend herself.  Note, no rent could be paid into court if she was behind on rent.  Yet they got Corey Spruill to play their DEVILS CHESSBOARD and illegally file a small claim, accusing her of not paying her rent. This judge could have had that small claim expunged from record because he

knew it had no merit.  <u>Instead, Judge Abrams used the nefarious small claim accusing plaintiff of owing rent as a "wild card" to keep the case going yet plaintiff continued to pay her rent into court, having proved the rent was current!</u>  She always paid timely rent and even gave that landlord, Corey Spruill, two additional months in advance because he was short on money and she was able to provide that after getting ONLY A SMALL PORTION OF THE SOCIAL SECURITY MONEY SHE QUALIFIED FOR, since she applied in 2006;  and they were required to make it retroactive, yet only provided her a few months' of social security disability in 2008 - qualified due to deterioration of injuries sustained when she was hit head-on by a 20 ton sander truck after telling a stalking sex trafficker in that town to leave her alone, he was a pig. They also erected a restaurant where she was almost killed, to mock what she said. They named it "Pig's Ear".

i.  The Housing Court/Judge Abrams also nefariously had that small claims/housing case heard in the city offices - not court. Plaintiff considered it to be unlawful.  Yet plaintiff was threatened with default of her COUNTERCLAIM as well as the claim by Corey Spruill, if she did not show up.  All documents she previously entered as pre-trial documents were NOT uploaded for public view and most likely fraudulently removed from record, since the court refused to produce them when plaintiff requested the file in person. **This violates all procedure for short calendar cases.**

**b)** Judge Abrams intercepted plaintiff's rights regarding Public Storage, when he was transferred to New Britain Court. See Appendix J, Abrams 1-9.(Plaintiff is unable to share prior housing case/illicit eviction due to records being in her storage unit) Plaintiff told the Judicial Review Counsel it was her impression they rewarded his corruption by transferring Judge Abrams to New Britain since Public Storage lied that they did not get her rent money order and she proved she paid for it so they would have to wait for it to clear and the USPS would give them a check. Meantime, she continued to pay her rent to Public Storage, yet they nefariously added $250 in charges,

   **i.** Details on this Superior Court Case against Public Storage have been entered in Superior Court Case against Storquest - particularly due to obvious MODUS OPERANDI of Judge Abrams.

### iii. Judge Kampf

1. Plaintiff claims that this judge poorly held a small claims case against her by LVNV Funding. Appendix J, Kamp 1-21. They had no merit; it should have been dismissed. Yet this court continued to assist THEM to carry out the case, issuing orders, denying pretrial motions which were valid, etc. Additionally, Judge Kampf allowed an attorney to testify, which is illegal. Additionally, this attorney admitted that balance owed was $750 and "she paid $30/month for three years and just stopped". Even when plaintiff emphasized that was over $1,000 and she stopped using the account which Synchrony bought from GE, spinning off from GE Money, this judge had no regard for the facts of the case. Plaintiff's pretrial motion for a ledger was denied. There was never a ledger of

payments and purchases produced on the case and plaintiff claimed that the case had no merit to begin with. Yet this judge nefariously ruled in LVNV's favor despite the fact they had no case established. Plaintiff claims this judge was abusing power and using his job as a weapon.

2. This nefarious ruling in LVNV's favor may also turn into more of a fiasco by secretly entering a lien, as a nefarious excuse to steal the plaintiff's possessions - having already been robbed by the Judicial Branch / Judge Abrams conspiring with Public Storage in 2012; being a victim of Attorney abuse since she was almost murdered January of 1978; at which time a multimillionaire took her case when she was in ICU in a coma and thereafter had her sign documents she did not understand while in isolation from having a severe head injury. That isolation lasted a full month. She continued to be hospitalized due to being in traction totalling 3 1/2 months. She never got her rights, not even reimbursement for her car - as a victim in a case that should have been treated as at-fault; yet this attorney nefariously made it No-Fault to help the Town since he usually represented the Insurance Company, which is conflict of interest. Additionally, his brother hired a hitman to kill the President of Chile just because he refused to sell Pepsi in his country. He was close to his brother, Donald Kendall. Which is also the same last name of the Captain who sank the Empress of Ireland in the St. Lawrence River and most likely enjoyed much increase in wealth as when Bruce Ismay and JP Morgan sank the Titanic; and when Americans mass murdered Americans on September 11, 2001.

iv. **Attorney Ruth L. Beardsley**

1. Rather than rule on pretrial motions in the order they were submitted, and motions thereafter, this magistrate ruled on them all at once, as DEVIL'S CHESSBOARD approach - common tricks by the New Haven Court. This creates a two week window for the plaintiff to act on each order, all of which are nefarious and more reason why plaintiff motioned to Transfer this short calendar docket to Milford Court. This court would not even upload her motion, which was served on the defendant Storquest. Significant to this is the fact her notebook was cyber attacked, which caused her even more stuggle to sustain her rights, since she did not have use of it for at least three weeks. Her notebook was fixed a month after it was cyber attacked, on 8/16/2022. Plaintiff claims that this court has had malicious and vexatious intent. The same day they got STORQUEST to send a CERTIFIED LETTER to plaintiff using her residency when her appearance has only her PO Box (and STORQUEST ERRONEOUSLY ENDED THE LEASE WITH NO CURE ON JUNE 9, 2022) - - this same day, plaintiff's Apartment Management claimed they did not get her rent check when she asked them why they didn't deposit it, which has happened several times before. Appendix C, "Eviction Notice" Plaintiff's storage rent was not even past-due at that point, let alone be 30 days past-due, at which time Storquest would have to give her opportunity to pay - NOT END THE LEASE, AS THEY DID ON JUNE 9, WITH NO CURE.

   a) **Significant to this is the very fact this fraudulent billing was disputed in New Haven Superior Court, having legal precedence over bill payments - which were certified as withheld and placed in escrow by the plaintiff until this**

Pro Se 2 COMPLAINT AND APPLICATION FOR ORDER OF INJUNCTION
**PLEASE TREAT THIS AS AN EMERGENCY**
ANNE BRADLEY V SUPERIOR COURT OF NEW HAVEN in the matter of
Bradley v Storquest Storage Association

aforesaid case is resolved. **Defendant did not oppose this. There was not even an appearance filed by the defendant Storquest.**

b) DISCOVERIES

    i. **Ruth Beardsley ruled on all pleadings at the SAME TIME, dated August 11, 2022 - none of which had been received in the mail as of August 16.** Juris Number data refers to her home address in Bethany, CT as place of business, as shown in **Appendix J. Note, this was the date-day before the erroneous certified letter was sent to plaintiff's apartment building and refused by plaintiff; and same day the management responded to plaintiff that they never got her rent check. Can it not be more obvious they were conspiring with each other?**

    ii. **Ruth Beardsley's husband, Attorney Tom Sansone,** received high honors by the Greater New Haven Chamber of Commerce. a Business Organization Alliance, which also allows WILLIAM WARREN GROUP to have 36 companies listed as their companies, **including New Haven Housing Authority, which is the plaintiff's Section 8 Administrator,** upon doing a search. Also at Appendix J

        1. William Warren Group claims to own Storquest

        2. Storquest Storage Association is NOT a member of the Greater New Haven Chamber of Commerce; not listed with any of the 36 businesses falling under William Warren Group.

Pro Se 2 COMPLAINT AND APPLICATION FOR ORDER OF INJUNCTION
**PLEASE TREAT THIS AS AN EMERGENCY**
ANNE BRADLEY V SUPERIOR COURT OF NEW HAVEN in the matter of
Bradley v Storquest Storage Association

3. Doing a spot-check of businesses listed as belonging to William Warren Group, it is evident that they are not registered as a business with the state of Connecticut.

4. Though Tom Sansone, who is Attorney/Magistrate Beardsley's husband, has a juris number, nothing turns up in court case lookups, performed several ways. Yet he claims that he is involved with court cases "to help businesses" - businesses of which are in fact, representing a failing economy in Connecticut.

5. Ruth L. Beardsley has her place of business listed on internet as 900 Chapel Street, New Haven, referring to the Trotta Law Firm.

6. Upon doing a Juris Search it indicates that this firm DOES NOT EXIST.

7. No judge has a right to deny a small claims pleading by claiming that the Certification of Service was not enough, that proof of delivery was mandatory. This is fraudulent. All pleadings are only required to be sent through First Class Mail. Yet plaintiff sent all pleadings except for the last one (due to the cyber attack on her notebook) electronically as well as through PRIORITY or UPS MAIL. These costs have been referred to and the cost of preparing this Application For Injunctive Order includes 20 hours of personal time and materials expense, including getting her notebook fixed - all of

which EXCEED the $5,000 of the small claim, totaling
$29 x 20 = $580
Materials = $25
Mailing = $15
Tech Support = $65

**$685**

8. Additional rulings by Ruth Beardsley reflect deceptive intent as well - which is why plaintiff provides this court with MOTION FOR COMPLIANCE at Appendix N.

# VI.  CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:

(1) Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) Is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;

(3) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) The complaint otherwise complies with the requirements of Rule 11.

(5) Please note, cyber crime has caused immense hardship on Applicant/Plaintiff - to include altering her documents as she types them and causing re-editing.

## A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-

Pro Se 2 COMPLAINT AND APPLICATION FOR ORDER OF INJUNCTION
**PLEASE TREAT THIS AS AN EMERGENCY**
ANNE BRADLEY V SUPERIOR COURT OF NEW HAVEN in the matter of
 Bradley v Storquest Storage Association

related papers may be served.  I
understand that my failure to keep a
current address on file with the Clerk's
Office may result in the dismissal of the
Case.

APPENDIX PROVIDED

COPY OF THIS APPLICATION AND
APPENDIX ARE BEING ENTERED ON
CASE
Anne Bradley V Storquest

WITH MOTION FOR CONTINUANCE
DUE TO THE SUPERIOR COURT
DENIAL OF MOTION TO TRANSFER
VENUE AND MOTIONS TO
REARGUE EACH DENIED MOTION
BY RUTH BEARDSLEY.

Date of signing:

8/30/2022

Signature of Plaintiff:

*Anne M. Bradley*

Printed Name of Plaintiff:

Anne M. Bradley

Pro Se 2 COMPLAINT AND APPLICATION FOR ORDER OF INJUNCTION
**PLEASE TREAT THIS AS AN EMERGENCY**
ANNE BRADLEY V SUPERIOR COURT OF NEW HAVEN in the matter of
Bradley v Storquest Storage Association

# AMOUNT IN CONTROVERSY

A. **Plaintiff's possessions located at her unit,** 1103, located at 140 Ferry Street, New Haven, CT - which she has rented for almost 10 years.

B. **Cost of the Small Claim: $5,000**

    a) This includes the legal time and expenses of supplies both prior to and after the Small Claim was entered - being she did all she could to get Storquest to comply with the lease contract, which only is set to end upon a BREACH or notification to the storage facility that customer is moving her possessions out, 45 days prior to actually doing so.

    b) Plaintiff emphasizes that her costs far exceed $5,000 due to the numerous hours and days which she has had to work on this; to include setbacks such as the cyber attack of her notebook in mid-July, 2022, having to take time to go to Best Buy for repair, yet repair was unsuccessful.  Plaintiff was able to find a business which fixed her problem and restored her notebook for use at home on August 16,2022.  She is now able to type documents, do limited research, and print documents.  She has been working on this **Application For Injunctive Order**  August 17-August 28; and expects to have it completed to submit to the Federal District Court on August 29, including submitting a copy to the local Superior Court, New Haven after submitting it to the District Court. And all current Superior Court pleadings will be stamped in prior to submitting them to the Federal Court. Appendix M

    c) Emails from and to Storquest have been printed and submitted in Appendix L as supporting documents.

### C. Waived storage rent for June, July, August **and** thereafter if this case is continued; Approval of CEASE & DESIST Motion for Order; reinstatement to her unit, continuance of lease contract.

a) As mentioned in the plaintiff's pleadings, the rent of the Storquest unit has been REFUSED unless plaintiff pays for insurance which she affirms is not on the lease agreement because she is considered self-insured, as stated right on the face of the lease, which was signed by plaintiff.

b) A prepared lien may have been sent to the plaintiff on August 12, yet plaintiff refused to accept it since Storquest clearly knew that address of record for plaintiff is her PO Box. As emphasis, the lead concierge intercepted the evening concierge's entering of refusal. Plaintiff called that concierge with her identity showing on the screen,  Yet the lead concierge held onto that certified mail and then marked it as picked up and another piece was sent to Storquest. Please see Appendix L on Emails, and also Appendix E, for validation of the certified mail search, which SHOULD include the mail being returned due to refusal of the Plaintiff.  Plaintiff has submitted a request to Yale-New Haven Post Office, to forward all mail going to her residency to her PO Box, as she considers this "the icing on the cake" regarding her landlord tampering with her mail.

c) Plaintiff's apartment management also told her on August 12, 2022, the reason they did not deposit her rent check was due to not receiving it.  Plaintiff emphasized she was sick of their tricks,

Pro Se 2 COMPLAINT AND APPLICATION FOR ORDER OF INJUNCTION
**PLEASE TREAT THIS AS AN EMERGENCY**
ANNE BRADLEY V SUPERIOR COURT OF NEW HAVEN in the matter of
Bradley v Storquest Storage Association

not being able to call FBI Agent William Aldenburg again, as she had several times before when they did this - and thereafter "found" the check.  Due to this, she had to ask her Bank to cancel the check which the bank provably printed and mailed as they have for almost 10 years, and the bank cut her a bank check, which was handed to the apartment management.  Appendix E.

This aforesaid Application is slightly different than the intended one, which was submitted to Superior Court as proof of diligence.  Certain areas needed clarity.  The intended meaning remains the same - AMB

Prepared and Submitted by:

FOR THE APPLICANT/PLAINTIFF, PRO SE

*Anne M. Bradley*

Anne M. Bradley 8/29/2022 (notarized signature)