UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANNE M. BRADLEY,<br><br>                Plaintiff,<br><br>     v.<br><br>SUPERIOR COURT OF NEW HAVEN<br><br>    In the Matter of Anne M. Bradley, *Pro Se*<br>                      V.<br>      Storquest Storage Association*,*<br><br><br>                Defendant. | Civil Action No.<br>3: 22-CV-1101 (CSH)<br><br><br><br><br>**SEPTEMBER 12, 2022** |

### RULING ON COMPLAINT - REQUEST FOR INJUNCTION

**HAIGHT, Senior District Judge:**

#### I.  BACKGROUND

*Pro se* plaintiff Anne M. Bradley has filed a "Complaint and Request for an Injunction," requesting that this Court enjoin the Connecticut Superior Court, Judicial District of New Haven, by entering orders to reverse those made by the state court in the pending small claims action of *Bradley v. Storquest Self Storage Association,* NNH-CV22-5054091-S (Conn. Super. Ct. 2022). On or about July 6, 2022, Plaintiff commenced her state action, seeking to recover $5,000 plus pre-judgment interest due to alleged "fraudulent billing" by defendant Storquest Self Storage Association ("Storquest") for taxes and insurance on a New Haven rental unit Plaintiff has rented for nine years. *See Bradley*, NNH-CV22-5054091-S, Doc. 100.30 ("Small Claims Writ and Notice of Suit"). According to Plaintiff, in response to her demand to remove an insurance charge from her monthly

rent, Storquest terminated her lease and ordered her to retrieve her property or lose it. *Id.* at 2.

In the state action, during the months of July and August of 2022, Plaintiff filed a series of motions, and the Connecticut Superior Court denied each one. *See Bradley*, NNH-CV22-5054091-S, Doc. 102 ("Motion for Order for Disclosure or to Accept Service"), Doc. 102.10 ("Order," denying No. 102, for "failure to attach the Proof of Delivery to the Statement of Service regarding Priority Mail"), Doc. 103 ("Motion for Order" - "Cease and Desist," to "order Storquest to Cease and Desist the breaking of the lease agreement"), Doc. 103.10 ("Order," denying motion [103] because "issues raised will be addressed at trial"), Doc. 104 & 106 ("Motion[s] for Transfer" of case to Milford, Connecticut, court), Doc. 104.10 & 106.10 ("Order[s]," denying transfer of case to Milford because venue in Milford would be "improper" ), Doc. 105 ("Motion for Default Judgment"), Doc. 105.10 ("Order," denying request for default without prejudice in light of Plaintiff's failure to attach Proof of Delivery of service, Doc. 102.10). Plaintiff has also filed five requests for "Compliance," asking the state court to, *inter alia*, order Storquest to pay the small claim of $5,000 and to set a date for Plaintiff to resume her lease and pay storage rent without insurance). *Bradley*, NNH-CV22-5054091-S, Doc. 107.00-111.00.  The state court has filed no responsive pleading to those five "Compliance" requests, and the action remains pending.

In the present federal action, filed in this Court on August 31, 2022, Plaintiff's Complaint requests injunctive relief against the New Haven Superior Court in her state "small claims" action, alleging irreparable harm "due to the repeated deliberate lack of due process" and the "use of [the state] court clerk to implement unlawful orders." Doc. 1, at 2 (capitalization omitted). In particular, she requests this Court to order the Superior Court to order Storquest to cease its "fraudulent billing," "remove [the] charge of insurance," clarify that "insurance [is] not required," and allow the

"disabled Plaintiff to continue as a storage customer in accordance with [the] lease." *Id.* at 3 (capitalization omitted). She asserts that if she does not receive the requested injunctive relief, she will lose the possessions she has stored in her Storquest rental unit. *Id.* at 2-3.

In addition, rather than awaiting trial or further order of the state court, Plaintiff asks this Court to reverse the state court's rulings on Plaintiff's motion for default judgment and motion for order for disclosure. *Id.* at 3-4. Furthermore, in light of her disagreement with these rulings, Plaintiff questions the integrity of Small Claims Magistrate Ruth Beardsley, alleging that her decisions "reflect [her] deceptive intent." *Id.* at 21.

The Court herein resolves Plaintiff's request for injunctive relief.

## II. DISCUSSION

Pursuant to the "Anti-Injunction Act," "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. *See also Mitchum v. Foster*, 407 U.S. 225, 230 (1972) ("[T]he national policy forbid[s] federal courts to stay or enjoin pending state court proceedings except under special circumstances.") (citation omitted). This statute thus generally prohibits federal court injunctions of state court proceedings in progress.

"The policy of the anti-injunction statute, 28 U.S.C. § 2283, is to prohibit enjoining of state court suits except in those situations where the real or potential conflict threatens the very authority of the federal court." *Vernitron Corp. v. Benjamin*, 440 F.2d 105, 108 (2d Cir. 1971), *cert. denied*, 402 U.S. 987 (1971). "Proceedings in state courts[, thus,] should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the

3

state appellate courts and ultimately [the Supreme] Court." *United States v. Schurkman*, 728 F.3d 129, 135 (2d Cir. 2013) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970)). The "explicit wording" of § 2283 and "the fundamental principle of a dual system of courts" indicates that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Schurkman*, 728 F.3d at 135 (quoting *Atl. Coast Line R.R. Co.*, 398 U.S. at 297).

Where, as in the present case, the litigation involves private parties, the policy of § 2283 becomes "much more compelling" because the requested injunction "threatens to draw the two judicial systems [– state and federal –] into conflict." *Studebaker Corp. v. Gittlin*, 360 F.2d 692, 697 (2d Cir. 1966). As the Second Circuit noted, "[t]here is no reason why [a] state court cannot or should not determine issues of fact and state law relevant thereto as they come up in the state litigation." *Ret. Sys. of Ala. v. J.P. Morgan Chase & Co.*, 386 F.3d 419, 429 (2d Cir. 2004) (quoting *Vernitron*, 440 F.2d at 108).

Based upon the facts presented, the case at bar implicates no express exception to 28 U.S.C. § 2283. There is thus no applicable statute by Congress that would allow this Court to enjoin the state court in this instance. Moreover, the state court poses no threat to this Court's jurisdiction, and there is no federal judgment "to protect or effectuate" with such an injunction. 28 U.S.C. § 2283. The state action simply poses no threat to "the very authority of th[is] federal court," *Vernitron*, 440 F.2d at 108.

Clearly Plaintiff has endured personal difficulties during this dispute over her storage unit rental. She is displeased with the state court's adverse rulings on her motions and has a sincere

belief that she needs outside relief to alter and expedite those proceedings. However, because her case does not fall within any "expressly authorized" exception to § 2283, this Court is statutorily barred from providing the relief she seeks in her Complaint. Furthermore, because Plaintiff's request for an injunction forms the crux of her entire Complaint, that pleading states no claim upon which relief may be granted.[1]

Under most circumstances, the Court would grant leave for Plaintiff, a *pro se* litigant, to amend the Complaint to state a legal ground for relief. Here, however, applying the most liberal reading afforded to *pro se* pleadings, the Court derives no legal basis upon which Plaintiff may proceed. *See, e.g., Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (district court may dismiss an action as "clearly baseless" when it is satisfied that the action contains "factually frivolous" claims) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).[2]

A district court has the power to dismiss an action *sua sponte* if it determines the action is "frivolous." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). Because there are no facts that Plaintiff could allege to cure her pleading (*i.e.*, to obtain an injunction against the state court), I will decline to grant leave to amend and dismiss the action. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court's dismissal of complaint without

---

[1] Plaintiff is advised that there would have been no legal basis for her to bring her state law contract action in federal court. This Court would lack subject matter jurisdiction over her action in the absence of a "federal question," 28 U.S.C. § 1331, or "diversity of citizenship," which requires the action to be between citizens of different states and "the matter in controversy" to exceed[ ] the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a)(1).

[2] To clarify, "[a]n action is considered 'frivolous' when: '(1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.'" *Hariprasad v. New York*, 722 F. App'x 102, 103 (2d Cir. 2018) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)). Here, Plaintiff's claim for injunctive relief is barred by federal statute and thus comprises a meritless theory as a matter of law.

leave to amend, because "[w]here a proposed amendment would be futile, leave to amend need not be given"); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (If "better pleading will not cure [the claim]," the court need not give the plaintiff an opportunity to amend as such efforts would be "futile."); *Hariprasad v. New York*, 722 F. App'x 102, 103 (2d Cir. 2018) (Despite plaintiff's *pro se* status, "amendment would be futile, as there is no indication that Hariprasad might plead a valid claim . . . .").

### III.  CONCLUSION

Pursuant to the "Anti-Injunction Act," 28 U.S.C. § 2283, this Court is precluded from granting Plaintiff's request to enjoin the Connecticut Superior Court, Judicial District of New Haven, in the small claims action of *Bradley v. Storquest Self Storage Association,* NNH-CV22-5054091-S (Conn. Super. Ct. 2022). Upon conclusion of the state court proceedings, Plaintiff may, if she so chooses, file a proper appeal in *state* court.[3] If appropriate, that would be her legal remedy for relief from the state court's action.

Accordingly, Plaintiff's request for injunctive relief against the Connecticut Superior Court is DENIED. Her Complaint against that entity is hereby DISMISSED in its entirety with prejudice. The Clerk is directed to close the file.

It is SO ORDERED.

Dated: New Haven, Connecticut
September 12, 2022   */s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge

---

[3] In noting that Plaintiff may appeal in state court, this Court voices no opinion as to whether such an appeal would be appropriate or possess merit.