UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANNE M. BRADLEY,<br><br>             Plaintiff,<br><br>   v.<br><br>SUPERIOR COURT OF NEW HAVEN<br><br>  In the Matter of Anne M. Bradley, *Pro Se*<br>                         V.<br>   Storquest Storage Association*,*<br><br><br>            Defendant. | Civil Action No.<br>3: 22-CV-1101 (CSH)<br><br><br><br><br>OCTOBER 17, 2022 |

**RULING ON PLAINTIFF'S SUPPLEMENT - EMERGENCY MOTION FOR
TEMPORARY INJUNCTION [Doc. 10]**

**HAIGHT, Senior District Judge:**

### I.  BACKGROUND

On August 31, 2022, *pro se* plaintiff Anne M. Bradley commenced this action by filing a "Complaint and Request for an Injunction," asking this Court to enjoin the Connecticut Superior Court, Judicial District of New Haven, by entering orders to reverse adverse state court rulings in the then-pending small claims action of *Bradley v. Storquest Self Storage Association,* NNH-CV22-5054091-S (Conn. Super. Ct. 2022).  In her request for injunctive relief, Plaintiff alleged irreparable harm "due to the repeated deliberate lack of due process" and the "use of [the state] court clerk to implement unlawful orders."  Doc. 1, at 2 (capitalization omitted).

On September 12, 2022, this Court denied Plaintiff's request for injunctive relief pursuant

to the "Anti-Injunction Act," 28 U.S.C. § 2283. *See Bradley v. Superior Ct. of New Haven*, No. 3:22-CV-1101 (CSH), 2022 WL 4133245, at *3 (D. Conn. Sept. 12, 2022). Section 2283 provides: "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. *See also Mitchum v. Foster*, 407 U.S. 225, 230 (1972) ("[T]he national policy forbid[s] federal courts to stay or enjoin pending state court proceedings except under special circumstances.") (citation omitted). Accordingly, this Court was statutorily precluded from enjoining the Connecticut Superior Court, Judicial District of New Haven, in the small claims action at issue.

"[B]ecause Plaintiff's request for an injunction form[ed] the crux of her entire Complaint, that pleading state[d] no claim upon which relief [could] be granted." 2022 WL 4133245, at *2. Specifically, absent the potential for injunctive relief, her case was "frivolous" in that her Complaint stated no legal ground for relief. *Id.* at *3. "[A]pplying the most liberal reading afforded to *pro se* pleadings," the Court was able to "derive[ ] no legal basis upon which Plaintiff [could] proceed." *Id.* Consequently, the Court DISMISSED her Complaint in its entirety with prejudice, the Clerk closed the case file, and Plaintiff was advised that "[u]pon conclusion of the state court proceedings, [she] may, if she so chooses, file a proper appeal in *state* court." *Id.* (emphasis in original).

At present, three weeks after dismissal of her federal action with prejudice, Plaintiff has filed a self-styled "Supplement" to her resolved "Emergency Motion for Temporary Injunction," Doc. 10. It is a copy of a "Petition for Certiorari" to the United States Supreme Court, dated October 6,

2

2022.[1] As discussed below, in the event that Plaintiff seeks to revive her request for injunctive relief with this "Supplement," that motion will be denied as moot.

## II.  DISCUSSION

By filing her "Supplement" to her "Emergency Motion for Temporary Injunction" [Doc. 10], Plaintiff apprises the Court that Storquest, the Defendant in her state court action, has "cancelled the auction," most likely of Plaintiff's possessions placed in the storage unit at issue. Doc. 10, at 1. She further explains that "[t]here is now a negotiation process that has to take place regarding [her] costs," and "[t]herefore, two [of her] requests are still active: (1) [r]estore the lease and [2] [p]ay the small claim of $5,000." *Id.*

In an attached email to Melanie Rivera, a Storquest employee, Plaintiff expresses that she appreciates being informed that Storquest has canceled the auction, but "[t]he fact" is that she "want[s] to remain there [in the unit] and be reimbursed for court costs." *Id.* at 3 (Email from bradley.annemarie@gmail.com to newhaven02@storquest.com, dated October 7, 2022). Plaintiff's email also informs Rivera that she plans to "update the US Supreme Court" regarding these latest case developments by mailing this "Petition for Certiorari."[2]  *Id.* at 3-4.  Furthermore, on the last page of her filing, Plaintiff has inserted the handwritten note, "Emergency lifted on Motion yet 2 issues unresolved." Doc. 10-1, at 1.

---

[1] It is unclear from the face of the "Supplement" whether Plaintiff subsequently filed this pleading with the United States Supreme Court.  The document shows no case number and only bears a "Received" stamp from this District Court, dated October 7, 2022.

[2] At the bottom of her email, Plaintiff has attached a "pdf" of an "Emergency Mot[ion] to US Supreme Court." Doc. 10, at 4.  She includes that attachment "to be sure" that Rivera "ha[s] it." *Id.*  However, Plaintiff has not provided the text of that motion in this filing.  She has also provided no indication that the motion was filed.

From Plaintiff's "Supplement," the Court deduces that she wishes to apprise the Court of the latest developments in her conflict regarding her storage unit: Storquest's cancellation of a planned auction of her goods and the fact that, in her mind, "2 issues [remain] unresolved." Plaintiff is advised that it is not necessary for her to inform the Court about any subsequent events related to her state action.[3] Having denied Plaintiff's request for injunctive relief and closed the case, the Court lacks jurisdiction to act or rule on such subsequent matters. Plaintiff has no case pending before this Court. Accordingly, any request to address issues which arise with Storquest and/or relate to her state action will be denied as moot.

Plaintiff may pursue any unresolved issues with her storage unit contract directly with Storquest and/or in the proper forum, state "small claims" court.[4] There is no longer an active case in this Court. Given her personal difficulties, it is good that she may avoid any further expense or effort to update this Court.

---

[3] The Court takes judicial notice that on September 15, 2022, the state court dismissed Plaintiff's action for "[f]ailure to comply with the order . . . dated 8/11/22," Doc. 102.10, which mandated Plaintiff "to file an updated Statement of Service" for her "Motion for Disclosure" with the "Proof of Delivery attached within 30 days." *See* Doc. 112.10 (Order 428833), filed by Ruth Louise Beardsley, Small Claims Magistrate, on September 15, 2022.

[4] As this Court explained in its prior Ruling:

> Plaintiff is advised that there would have been no legal basis for her to bring her state law contract action in federal court. This Court would lack subject matter jurisdiction over her action in the absence of a "federal question," 28 U.S.C. § 1331, or "diversity of citizenship," which requires the action to be between citizens of different states and "the matter in controversy" to exceed[ ] the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a)(1).

2022 WL 4133245, at *2 n.1.

### III.  CONCLUSION

Plaintiff's "Emergency Motion for Temporary Injunction," which she has attempted to supplement with her current filing [Doc. 10], has been fully resolved.  The original request for injunctive relief, which appeared in her Complaint [Doc. 1], was denied with prejudice and her case was closed.  To the extent that she seeks to revive that motion as to any "unresolved issues" with Storquest, Plaintiff's supplemental "Motion" [Doc. 10] is DENIED as moot.  This Court was statutorily precluded from enjoining the state court in Plaintiff's "small claims" action regarding her Storquest storage unit,  28 U.S.C. § 2283, and the case remains closed.  Plaintiff may pursue further negotiations with Storquest as she sees fit.

It is SO ORDERED.

Signed: New Haven, Connecticut
        October 17, 2022

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge